OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Defendant-Appellant, Anil Bajaj, appeals the decision of the Columbiana County Court of Common Pleas that denied his petition for post-conviction relief without an evidentiary hearing. Bajaj raises two issues on appeal.
 {¶ 2} First, Bajaj claims that the evidence he attached to his petition for post-conviction relief is so overwhelming that he should be given a new trial without the need for an evidentiary hearing on his petition. However, the statute governing post-conviction proceedings require that the trial court conduct an evidentiary hearing before it has the authority to grant a petition for post-conviction relief. Since the trial court did not hold an evidentiary hearing, we could not grant Bajaj's petition for post-conviction relief at this time.
 {¶ 3} Second, Bajaj contends the trial court erred by dismissing his petition for post-conviction relief without first holding an evidentiary hearing. A defendant is entitled to an evidentiary hearing if he sets forth sufficient operative facts to establish substantive grounds for relief, but the affidavits Bajaj submitted do not meet this standard. Instead, he seeks an evidentiary hearing so he can establish sufficient operative facts at that hearing. This is not proper procedure and the trial court properly denied his petition.
 {¶ 4} For these reasons, the trial court's decision is affirmed.
 Facts {¶ 5} Bajaj was a licensed doctor practicing within East Liverpool, Ohio, in July 2001 when two of his patients accused him of sexually molesting them during examinations in his office. His first patient, Christine Mott, accused him of feeling and squeezing her breasts while trying to kiss her. The second patient, Jaime Rodgers, claimed he told her to lift her shirt and lower her pants and that he placed his fingers on the inside folds of her vagina.
 {¶ 6} The Columbiana County Grand Jury returned an indictment charging Bajaj with one count of sexual battery against Rodgers. It later returned a separate indictment charging Bajaj with one count of gross sexual imposition against Mott.
 {¶ 7} The cases were originally scheduled to be tried separately and the sexual battery charge went to trial in June 2002. During the course of the trial some jurors improperly looked at a newspaper article and the trial court declared a mistrial. Defense counsel then moved that the cases be joined. The trial court granted that motion and both cases proceeded to a joint jury trial. At the conclusion of that trial, the jury found Bajaj guilty on both counts.
 {¶ 8} Bajaj appealed that decision to this court. In a case styled State v. Bajaj, 7th Dist. No. 03 CO 16, 2005-Ohio-2931
(Bajaj I), we affirmed Bajaj's conviction for gross sexual imposition, but vacated his conviction for sexual battery since it was not supported by sufficient evidence.
 {¶ 9} While that appeal was pending, Bajaj filed a petition for post-conviction relief, claiming that the victims incorrectly described the layout of the room by stating that the examination table was against the wall when it was not and that this affected the jury's determinations regarding force and coercion. He further argued that his trial counsel was ineffective for many different reasons. In support of his petition, Bajaj attached a copy of the assignments of error in his direct appeal, two of his own affidavits, and an affidavit from the attorney representing him on appeal and in the post-conviction petition.
 {¶ 10} Before the State responded to Bajaj's petition, he moved to amend that petition on May 5, 2004. The State responded to the original petition for post-conviction relief on May 7, 2004, with a motion for summary judgment, arguing that the affidavits do not address the location of the examination table on July 27, 2001, and that the location of the examination table was not an operative fact in either conviction. The State further argued that Bajaj failed to allege sufficient facts demonstrating that his trial counsel was ineffective.
 {¶ 11} On May 7, 2004, the trial court granted Bajaj's motion to amend his petition for post-conviction relief. Bajaj then filed his supplemental petition, claiming he had confidential information which he wished to file under seal which demonstrated another ground for post-conviction relief. The State responded and objected to Bajaj's submission of evidence under seal. The trial court allowed the prosecutor to view the sealed evidence and file a response concerning that evidence. The State never filed such a response.
 {¶ 12} Subsequently, the trial court reviewed the evidence Bajaj presented, including that presented under seal, but denied Bajaj's petition for post-conviction relief. It concluded that trial counsel's decision to join the cases was an understandable strategic decision, that Bajaj did not demonstrate that his counsel ineffectively cross-examined the State's rebuttal witness, that the position of the examination tables was unimportant since this case rested on whether the jury believed either the victims or Bajaj, and that his remaining allegations were too speculative to provide a basis for even a hearing. It is from this judgment that Bajaj timely appeals.
 Requirement of a Hearing Before Granting Post-Conviction Relief {¶ 13} Bajaj raises two assignments of error which we shall address in reverse order. In his second assignment of error, Bajaj argues:
 {¶ 14} "Since the prosecution presented no affidavits or other evidence rebutting Appellant's claims, and since the lack of compliance with state and federal requirements for a fair trial are so evident, should Appellant be granted a new trial without the further delay of an evidentiary hearing?"
 {¶ 15} The procedure Bajaj advocates in this assignment of error is not authorized by R.C. 2953.21, the statute granting Bajaj the right to post-conviction relief. According to R.C.2953.21(E), the trial court "shall proceed to a prompt hearing on the issues" raised in the petition "[u]nless the petition and the files and records of the case show the petitioner is not entitled to relief." The statute does not authorize any court to summarily grant post-conviction relief without that evidentiary hearing. Bajaj's argument that this court has such authority is meritless.
 Denial of Petition for Post-Conviction Relief {¶ 16} In his first assignment of error, Bajaj argues:
 {¶ 17} "Did the trial court err in failing to hold an evidentiary hearing on Appellant's petition for post-conviction relief?"
 {¶ 18} Bajaj contends that he is entitled to an evidentiary hearing on three broad grounds for relief: 1) the victims incorrectly testified about the position of the examination tables in the room at the time of the incident; 2) his counsel was ineffective for not challenging the State's rebuttal witness on many issues in either cross-examination or by a surrebuttal; and, 3) his counsel was ineffective for failing to have an independent medical expert testify on his behalf.
 {¶ 19} R.C. § 2953.21(A)(1)(a) allows a person convicted of a criminal offense to petition the court that imposed the sentence for appropriate relief for a violation of his or her constitutional rights. But post-conviction relief is a narrow remedy. State v. Steffen, 70 Ohio St.3d 399, 410, 1994-Ohio-0111. Because it is a civil action that collaterally attacks a criminal judgment, res judicata bars any claim that was or could have been raised at trial or on direct appeal. Id. State post-conviction review is not a constitutionally protected right, so the petitioner only receives those rights conferred by statute during post-conviction proceedings. Id.
 {¶ 20} A defendant petitioning for post-conviction relief is not automatically entitled to a hearing. State v. Cole (1982),2 Ohio St.3d 112, 113. "Before granting a hearing on a petition [for post-conviction relief], the court shall determine whether there are substantive grounds for relief." R.C. 2953.21(C). A trial court is not required to hold an evidentiary hearing if "the files and records of the case show the petitioner is not entitled to relief." R.C. 2953.21(E). Thus, the Ohio Supreme Court has held "a trial court properly denies a defendant's petition for post-conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." State v.Calhoun, 86 Ohio St.3d 279, 1999-Ohio-0102, paragraph two of the syllabus. "This standard is not met by evidence that is, `only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.'" State v. Green, 7th Dist. No. 02 CA 35, 2003-Ohio-5142, at ¶ 25, quoting State v. Lawson (1995),103 Ohio App.3d 307, 315.
 {¶ 21} Furthermore, neither this court nor the trial court must accept the evidence in the affidavits he submitted in support of his post-conviction proceeding as true.
 {¶ 22} "[A] trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact. To hold otherwise would require a hearing for every postconviction relief petition. * * * The trial court may, under appropriate circumstances in postconviction relief proceedings, deem affidavit testimony to lack credibility without first observing or examining the affiant." Calhoun at 284.
 {¶ 23} Of course, "where a petitioner relies upon affidavit testimony as the basis of entitlement to postconviction relief, and the information in the affidavit, even if true, does not rise to the level of demonstrating a constitutional violation, then the actual truth or falsity of the affidavit is inconsequential." Id.
 {¶ 24} Appellate review of a trial court's disposition of a petition for post-conviction relief is a hybrid, presenting mixed questions of law and fact. Green at ¶ 27. The trial court's factual findings will not be reversed unless they are against the manifest weight of the evidence. Id. Judgments will not be reversed as being against the manifest weight of the evidence if they are supported by some competent, credible evidence. Gerijo,Inc. v. Fairfield (1994), 70 Ohio St.3d 223, 226; C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. Upon accepting such findings of fact, an appellate court then independently determines the propriety of the trial court's conclusions of law. Green at ¶ 27.
 {¶ 25} Bajaj has presented both the trial court and this court with a variety of issues which he claims entitles him to post-conviction relief. We will address each of those claims in turn.
 Position of Examination Tables {¶ 26} At trial, the victims testified that the tables were against a wall at both the head and left side, so their only exit was to their feet or to the right, where Bajaj was standing. With his petition for post-conviction relief, Bajaj submitted two affidavits addressing the position of the examination table at the time of the incidents. Bajaj's counsel swore in an affidavit that she personally viewed the examination table in question and that only the head of the table was against a wall. She swore that there was "[a]mple room * * * on the three remaining sides for a physician or nurse to move freely around the table" and that she could produce testimony from "at least four other persons" who would agree with her statements. In addition, Bajaj's own affidavit stated that the tables were positioned "to permit ample access for the physician to move completely around the tables, except for the head of the tables, which were the only portion positioned against a wall" and that the tables were in this position "at all relevant times."
 {¶ 27} Bajaj argues that this evidence demonstrates that counsel was ineffective for two reasons. First, he claims that the position of the table significantly affects whether he used force or coercion to engage in the prohibited conduct and that he could not have been convicted absent evidence of force or coercion. Second, Bajaj argues that evidence of the position of the tables would have called the credibility of the two victims into question and that this is critical since the case hinged on the credibility of these two witnesses.
 {¶ 28} Before addressing these arguments, we note that the affidavit submitted by Bajaj's attorney does not demonstrate that Bajaj's trial counsel was ineffective in any way. Counsel states that she viewed the examination table and that its position was not as described at trial. But that affidavit does not state that the table was in the same position in July 2001, when the incidents occurred. This affidavit only establishes that the table is in a different position at some time, not at the relevant time. Thus, it does not show that there is a reasonable probability that the outcome of the trial would have been different had this type of evidence been introduced. The same cannot be said of Bajaj's affidavit since it states that the trial testimony incorrectly described the table's position "at all relevant times."
 {¶ 29} Turning to the arguments Bajaj raises, his first argument is easily dismissed. In Bajaj I, we vacated Bajaj's conviction for sexual battery because that conviction was not supported by sufficient evidence. Thus, whether the position of the table affected Bajaj's coercive power is irrelevant in this post-conviction proceeding. Furthermore, we placed no weight on the position of the table when concluding that there was sufficient evidence supporting his conviction for gross sexual imposition. We found that Bajaj kept squeezing Mott's hand and pushing into her while she was trying to get away from him was sufficient evidence of force to support his conviction. The position of the table will not affect whether the state met its burden of proof on Bajaj's gross sexual imposition conviction. Thus, counsel was not ineffective for failing to produce this evidence for this reason.
 {¶ 30} Furthermore, even if Mott and Rodgers had been mistaken about the position of the table, this was not a mistake which would undermine their credibility to any serious extent. The position of the examination table is a relatively minor fact in this case. As addressed above, the position of the table is irrelevant to whether Bajaj used force to commit gross sexual imposition. Thus, while this case rested upon the victims' credibility, it is not reasonably likely that the result of the trial would have been different if Bajaj's defense counsel had shown that the table was not against the wall.
 Impeachment of the State's Rebuttal Witness {¶ 31} Bajaj argues that his counsel was ineffective for failing to request surrebuttal regarding the State's rebuttal witness, Melvin Creeley. Creeley, the CEO of the hospital with which Bajaj was affiliated, testified that Bajaj told him that he was "sorry for what [he] did. Will you please make it go away?" In Bajaj's direct appeal, we rejected Bajaj's claims that his counsel was ineffective for failing to request a continuance to more fully prepare for Creeley's testimony and noted that it appeared that counsel was prepared to cross-examine Creeley.Bajaj I at ¶ 66, 68. Bajaj now attempts to give evidence demonstrating that counsel was not fully prepared to deal with Creeley's testimony. In particular, Bajaj claims that he did not make that statement, that he did not have a relationship with Creeley that would have allowed for such a disclosure, that Creeley incorrectly testified that no one else was present during the conversation, and claims there were further reasons for doubting Creeley's testimony which he did not wish to make public. He claims that all this evidence could have been elicited on cross-examination or surrebuttal. The trial court erred by failing to hold an evidentiary hearing on this issue.
 {¶ 32} To be entitled to an evidentiary hearing, Bajaj would need to present sufficient operative facts to demonstrate that his counsel was ineffective, but the facts provided do not sufficiently set forth grounds for relief. For instance, Bajaj claims that another person was present at the meeting, but fails to provide any evidence of that person's recollection of the meeting. As far as we know, that person would confirm Creeley's description of the meeting. Thus, the fact that another person was present at the meeting does not demonstrate that counsel was ineffective for failing to call that person as a witness in surrebuttal.
 {¶ 33} Likewise, the facts in Bajaj's affidavit are insufficient to demonstrate that his counsel was ineffective for failing to have Bajaj testify on his own behalf in surrebuttal. In his testimony, Bajaj consistently claimed that he did not do anything inappropriate to either Rodgers or Mott. If he had testified in surrebuttal, his blanket denial would have been a mere repetition of this point. Since the jury disbelieved Bajaj's testimony regarding the medical necessity of his exams and his description of events, it is likely that it would have disregarded his unsupported claim that he did not make that damning statement. This conclusion is further supported by the fact that Bajaj had much more at stake in this trial than Creeley and, therefore, had a greater incentive to lie. The same holds true for Bajaj's assertion that he did not have a relationship with Creeley that would have allowed for such a disclosure. It is unlikely that these unsupported assertions would have affected the jury's deliberations.
 {¶ 34} Furthermore, there is little assurance that the trial court would have allowed Bajaj to testify in surrebuttal even if he had requested to do so. The decision over whether to allow surrebuttal testimony is within the trial court's discretion and it does not abuse its discretion whenever it denies a criminal defendant's request to present such testimony. State v. Spirko
(1991), 59 Ohio St.3d 1, 28. It is very possible that the trial court may not have allowed Bajaj on the stand to make these self-serving statements.
 {¶ 35} Finally, in a document presented to the trial court under seal, Bajaj's attorney describes other ways in which trial counsel could have questioned Creeley's credibility. However, Bajaj's counsel admitted she did not present sufficient testimony supporting this claim due to a lack of funds. She requested a hearing to force testimony from a medical expert via her subpoena power, the lack of funds notwithstanding, to support these sealed allegations.
 {¶ 36} This argument fails for two reasons. First, the facts supporting this claim were not attested to in an affidavit, thus there is no evidence in the record supporting this claim for relief. Second, this "claim" is little more than a fishing expedition: a hypothesis along with a request for further discovery. A party must submit something more concrete in order to obtain an evidentiary hearing on a post-conviction proceeding.Green at ¶ 25. A party is only entitled to an evidentiary hearing after they set forth sufficient operative facts to establish substantive grounds for relief. Calhoun at paragraph two of the syllabus. Bajaj is not entitled to that hearing in order to discover whether he can set forth sufficient operative facts to establish grounds for relief.
 {¶ 37} For all these reasons, Bajaj's arguments about his counsel's effectiveness regarding Creeley are meritless.
 Claims Needing Medical Expertise {¶ 38} Bajaj claims there are a number of areas where medical explanations would have assisted his defense and claims that counsel was ineffective for failing to present testimony from independent medical witnesses in Bajaj's defense. His attorney attested in her affidavit that it was not unusual in her experience for a doctor to examine a female patient without the presence of other office personnel. In his affidavit, Bajaj states that the prosecutor made medically incorrect statements about Rodgers's body temperature during closing arguments and that there were a number of medical explanations other than those explored at trial for Rodgers' physical state after the incident. Bajaj further stated that he told his attorney about this information, but that his attorney did not address these issues during trial.
 {¶ 39} In both his petition and on appeal, Bajaj argues that these facts show that his counsel was ineffective for failing to obtain an expert to provide the following: 1) testimony showing that the prosecutor's closing arguments contained medical misstatements; 2) the common medical protocol regarding the presence of a nurse during medical examinations; 3) alternative causes of Rodgers's physical state after the incident; 4) an independent explanation of Dr. Bajaj's examinations of the victims; and, 5) the protocol for examination of sexual assault victims so he could show that the emergency room examination of Rodgers immediately after the incident was deficient.
 {¶ 40} As can be seen, many of these grounds for relief relate solely to Bajaj's conviction for the offense related to Rodgers, but this court vacated Bajaj's conviction for sexual battery against Rodgers in his direct appeal. Thus, issues regarding counsel's ineffectiveness for failing to challenge the prosecutor's allegedly incorrect statement during oral argument, failing to obtain expert testimony giving alternative causes of Rodgers's physical state after the incident, or failing to provide the protocol for examination of sexual assault victims are now moot.
 {¶ 41} Furthermore, the affidavits do not set forth operative facts demonstrating that counsel was ineffective for failing to introduce evidence of the common medical protocol regarding the presence of a nurse during medical examinations. The only affidavit which presents any facts relating to this issue is the one submitted by Bajaj's counsel. But that affidavit does not attempt to establish the common medical protocol. Instead, it merely contains anecdotal evidence by a non-medical professional of her personal experience. Bajaj has failed to provide evidence of the common medical protocol regarding the presence of a nurse during medical examinations, so he has not set forth operative facts demonstrating that his defense counsel was ineffective for failing to provide this evidence.
 {¶ 42} Finally, the affidavits contain no facts relating to defense counsel's ineffectiveness for failing to have a medical expert give an independent explanation of Dr. Bajaj's examinations of the victims. There is no indication in the record that any medical expert could provide that kind of testimony. Thus, Bajaj has failed to set forth operative facts demonstrating that counsel was ineffective for not introducing this type of evidence.
 {¶ 43} Bajaj's arguments regarding counsel's ineffectiveness for not obtaining independent medical testimony in his defense are also meritless.
 Conclusion {¶ 44} Each of Bajaj's assignments of error is meritless. R.C. 2953.21 requires an evidentiary hearing before a court can grant post-conviction relief. We cannot grant his petition since the trial court failed to hold an evidentiary hearing. Furthermore, Bajaj is not entitled to an evidentiary hearing. In order to obtain an evidentiary hearing, a defendant must set forth sufficient operative facts to establish substantive grounds for relief. Bajaj has failed to set forth sufficient operative facts establishing any of his claims for relief. Instead, he seeks an evidentiary hearing so he can set forth sufficient operative facts to establish his grounds for relief. Accordingly, the trial court's decision is affirmed.
Vukovich, J., concurs.
Waite, J., concurs.