[Cite as *State v. Tenney*, 2021-Ohio-3676.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                  :

    Plaintiff-Appellant,                  :

                                       Nos. 109797, 109798,

v.                                              :       109799, and 109800

RICHARD TENNEY, ET AL.,                         :

    Defendants-Appellees.                 :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** October 14, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-17-618532-A, CR-17-618532-B,
CR-17-618532-C, and CR-17-618532-D

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Kevin Filiatraut and Daniel Van, Assistant Prosecuting Attorneys, *for appellant.*

Gina A. Kuhlman, *for appellee* Richard Tenney.

Russell S. Bensing, *for appellee* Anthony Metz.

Kimberly Kendall Corral, *for appellee* Jaustin Browning.

Steven Delchin, *for appellee* Anthony Bergant.

ANITA LASTER MAYS, J.:

{¶ 1} In these consolidated cases, plaintiff-appellant state of Ohio ("the state") appeals the trial court's decision to grant defendants-appellees Richard Tenney's ("Tenney"), Anthony Metz's ("Metz"), Jaustin Browning's ("Browning"), and Anthony Bergant's ("Bergant") petitions for postconviction relief without holding an evidentiary hearing. The trial court's decision is reversed and remanded for an evidentiary hearing in the postconviction matter.

{¶ 2} In 2017, the appellees, after a bench trial, were found guilty of rape and kidnapping. More specifically, Browning was found guilty of two counts of rape, one count of kidnapping, one count of pandering obscenity, and one count of misdemeanor assault. He was sentenced to 31 years in prison. Bergant was found guilty of two counts of rape, one count of kidnapping, and one count of misdemeanor assault. Bergant was sentenced to 30 years' imprisonment. Metz was found guilty of one count of rape and one count of kidnapping. Metz was subsequently sentenced to 15 years' imprisonment. Lastly, Tenney was found guilty of two counts of rape and one count of kidnapping. Tenney was sentenced to 30 years' imprisonment.

I.      Facts and Procedural History

A.      Current Appeal to the Ohio Supreme Court

{¶ 3} In 2018, all four appellees filed separate appeals to this court. This court consolidated the appeals and issued one decision affirming the appellees' convictions with a two-to-one panel decision, but reversed their consecutive sentences by a separate two-to-one panel decision and remanded the matter to the

trial court for resentencing. *State v. Metz*, 2019-Ohio-4054, 146 N.E.3d 1190, ¶ 1 (8th Dist.). The state filed a motion for reconsideration and an application for en banc, and this court denied both. The state then filed an appeal to the Supreme Court of Ohio. On September 15, 2020, the Supreme Court of Ohio accepted the appeal. The appeal was scheduled for oral argument on May 11, 2021. However, the Supreme Court of Ohio canceled the oral argument on May 7, 2021. This appeal is still pending before the Supreme Court of Ohio.

### B.     State's Appeal on Postconviction Petition

{¶ 4}    On July 2, 2019, the appellees filed petitions for postconviction relief pursuant to R.C. 2953.21. In the petitions, the appellees alleged that the trial court unfairly convicted them. Specifically, the appellees argued that Bergant's trial counsel had a conversation with the trial court judge that led her to believe that the trial court judge was subjected to outside influence prior to the trial court's guilty verdict. Trial counsel stated that the trial court judge referenced comments about the case that his wife made to him. Specifically, the judge's wife allegedly told him, "you are not going to acquit those animals" (or words to that effect). In the conversation, the lawyer states that the trial court judge indicated he assured his wife that he would not. The state filed a motion requesting that the trial judge recuse himself from consideration of the postconviction relief petition. However, the appellees filed a motion requesting that all of the Cuyahoga County judges recuse themselves. The state's motion was granted, and the trial court judge recused

himself, while another Cuyahoga County Common Pleas Court judge was assigned to review the petition.

{¶ 5} On October 15, 2019, the public defender that filed the postconviction petition for the appellees filed a motion to withdraw from further litigation on the petition. Two days later, the state filed a motion requesting an order finding that the trial court judge's testimony was necessary to the adjudication of the pending postconviction relief petition. The state argued that it could not adequately or effectively respond to the petition without this finding. On October 22, 2019, the appellees, through the public defender, filed a response to the state's motion, concurring that the trial court judge's testimony was necessary to the adjudications of the petitions.

{¶ 6} On November 13, 2019, the trial court held a status conference regarding the petition. The state presented its argument, and the appellees did not object. At the conclusion of the status hearing, the trial court "indicated that it can be fair and impartial in handling these proceedings both procedurally and substantively." On January 2, 2020, another status conference was held, and the state reminded the trial court that it needed the motion for the trial court judge's testimony to be ruled upon before it could respond to the postconviction petitions. The trial court responded, "I know there is a motion pending that the State has filed that requires disposition from your standpoint before that response comes so we'll address all of that." (Tr. 48.)

{¶ 7} On February 6, 2020, at the status hearing, the state reminded the trial court again that they could not respond to the pending postconviction petitions without a ruling on their motion to proffer the trial court judge's testimony. The trial court replied, "As I understand it, before the State can present a formal pleading, a responsive pleading to the petition that is forth coming, they need — they want to proffer testimony from the judge just as the Defendants proffered testimony from a couple, maybe even more, affiants as I recall." (Tr. 69.)

{¶ 8} The state then informed the trial court that the original trial court judge's position is that he could not be compelled to testify without a court order. The trial court informed the parties that it wanted to have all of the information and pleadings before making its decision. The next status conferences and hearings were suspended for 30 days due to the COVID-19 global pandemic, and the next hearing was held on June 12, 2020, where the trial court acknowledged the state's motion to compel the original trial judge's testimony.

{¶ 9} The trial court asked the state if it could respond to the petition without the original trial court judge's testimony, to which the state replied that it could not. The trial court replied, stating,

> Okay. And one reason I ask is because of the language in Section 2953.21(D) of the Revised Code which says that before granting a hearing on a petition for post-conviction relief, the court needs to determine whether there's substantial grounds — substantive grounds for relief.
>
> So it sounds like on the record as it stands that — I infer from your position that in light of that statute, in order to have a response, you

would agree that there's substantive grounds at the moment and there might not be once the trial judge provides evidence.

(Tr. 81.)

**{¶ 10}** The trial court did not make a ruling on the state's motion, but promptly that it would, stating,

I will get through that renewed motion as promptly as possible. I can't give you a promise about a specific date by which I will do that, but I'm not putting it off. It's been on my plate and I want to get it off my plate as promptly as I can. I'm reluctant to give you a specific date only because, one, I don't know how long it will take me in the time I have to do it, and, two, every time I make specific promises these days, events in the world intervene and, you know, the court gets closed or for all I know there will be another wave of the pandemic and that will interfere as well. So I don't want to raise expectations unnecessarily, but those were the issues on my agenda.

(Tr. 82.)

**{¶ 11}** Again, at this hearing, the state reminded the trial court it needed a ruling on its motion, stating, "So what I'm looking for is the court's order, decision, opinion, however you want to put it, that the judge's testimony would be necessary in order to resolve the issue." (Tr. 89.) To which the trial court responded,

I will get you that ruling as promptly as I can. I would like to tell you I would do it in a particular time frame, except having just kind of gotten back into resuming proceedings only to have riots shut down the court for a week threw a lot of that into disarray.

I am hesitant in this of all years to make some promises, but I will do my best. I assure you of that.

(Tr. 90-91.)

**{¶ 12}** The trial court never ruled on the state's motion, and on June 29, 2020, the trial court granted the petitions for postconviction relief without holding an evidentiary hearing. The trial court issued an opinion and stated:

> In addressing this petition for post-conviction relief, the Court assumes that the trial judge would deny the allegations, consistent with the representations of the State. With that assumption, there is no evidence before the Court that the trial judge harbored any actual bias or in any way failed in his duty to preside fairly at trial. But the constitutional guarantee of a fair trial demands more. It requires not just proceedings before a fair and impartial finder of fact, but the appearance of fairness and impartiality as well. This is so because the parties and the public more broadly must have confidence in the administration of justice. Given the nature of the defendants' allegations, this case raises a serious question whether the defendants received the fair trial guaranteed by the federal and Ohio Constitutions. Even indulging every presumption in favor of the judgment, particularly following the appellate court's close affirmance of the convictions, the defendants' evidence leaves an appearance that they may not have received their constitutionally guaranteed fair trial. In the Court's view, the right to a fair trial requires the appearance of fairness and impartiality, not just the absence of bias or impropriety.
>
> For these reasons, as more fully explained below, the Court concludes that the defendants are entitled to a new trial. In reaching this conclusion, the Court again emphasizes that this determination is not based on any finding that the trial judge acted improperly or with actual bias. Further, the Court recognizes that a new trial may subject the victim to additional stress and trauma and so does not reach this conclusion lightly. The Court has an obligation to ensure the right to a fair trial, even for those accused of the most serious crimes. That duty compels relief on the unique facts and circumstances of this case.

*State v. Metz*, Cuyahoga C.P. No. CR-17-618532-C, 2020 Ohio Misc. LEXIS 108 (June 29, 2020).

**{¶ 13}** As a result of the trial court's decision, the state filed this appeal assigning three errors for our review:

I. The trial court erred as a matter of law when it granted the appellees' petition for post-conviction relief without first holding an evidentiary hearing on the facts alleged in the petition;

II. The trial court abused its discretion when it granted the petitions for post-conviction relief, even if it was able to do so without holding an evidentiary hearing; and,

III. The trial court erred when it granted the appellees' motions for bond when it was patently clear that the trial court erroneously granted the petition without a hearing.

{¶ 14} Our resolution of the first assignment of error is dispositive of the appeal.

## II. Postconviction Relief

### A. Standard of Review

{¶ 15} "A trial court's decision regarding a postconviction petition filed pursuant to R.C. 2953.21 will be upheld absent an abuse of discretion when the trial court's finding is supported by competent and credible evidence." *State v. Osborn*, 8th Dist. Cuyahoga No. 107423, 2019-Ohio-2325, ¶ 10, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 60. "The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 16} Additionally,

[t]he postconviction relief process is a civil collateral attack on a criminal judgment, in which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting the issues is not contained in the record of the petitioner's criminal conviction. *State v. Calhoun*, 86 Ohio St.3d 279,

281, 714 N.E.2d 905 (1999); *State v. Carter*, 10th Dist. Franklin No. 13AP-4, 2013-Ohio-4058, ¶ 15. Postconviction review is not a constitutional right but, rather, is a narrow remedy that affords a petitioner no rights beyond those granted by statute. *Calhoun* at 281-282. A postconviction relief petition does not provide a petitioner a second opportunity to litigate his or her conviction. *State v. Hessler*, 10th Dist. Franklin No. 01AP-1011, 2002-Ohio-3321, ¶ 32.

*Id.* at ¶ 7.

### B. Law and Analysis

{¶ 17} In the state's first assignment of error, it argues that the statute required the trial court to hold an evidentiary hearing on the petition for postconviction relief before granting it. R.C. 2953.21(D) states:

> The court shall consider a petition that is timely filed within the period specified in division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A)(1)(a)(i), (ii), (iii), or (iv) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.

"A trial court is required to hold an evidentiary hearing only if the petitioner alleges sufficient operative facts that show substantive grounds for relief." *State v. Atahiya*, 8th Dist. Cuyahoga No. 109726, 2021-Ohio-1488, ¶ 14, citing *State v. Calhoun*, 86 Ohio St.3d 279, 282-283, 714 N.E.2d 905 (1999). However, "the post-conviction relief statutes do 'not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required.'" *State v. Moore*, 2d

Dist. Clark No. 2014-CA-66, 2015-Ohio-550, ¶ 20, quoting *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980). "Rather, in addressing a petition for post-conviction relief, a trial court plays a gatekeeping role as to whether a defendant will receive a hearing." *Id.*, citing *Gondor* at ¶ 51.

{¶ 18} "The statute does not authorize any court to summarily grant post-conviction relief without that evidentiary hearing." *State v. Bajaj*, 7th Dist. Columbiana No. 04 CO 45, 2005-Ohio-6778, ¶ 15. However, the statute does not forbid it either. In this particular case, the trial court opined that if it had conducted an evidentiary hearing, the original trial judge would have denied all claims of partiality, and "that subjective assessment would be entitled to weight." *Metz*, Cuyahoga C.P. No. CR-17-618532-C, 2020 Ohio Misc. LEXIS 108, at 32. "After all, the trial judge is in the best position to determine his own impartiality." *Id.* at 33. Additionally, "the affidavit of appellate counsel — corroborated by other evidence in the record and anticipated testimony — would stand in counterbalance to the trial judge's testimony and creates an appearance that Defendants did not receive the fair trial the Ohio Constitution guarantees." *Id.*

{¶ 19} Conducting an evidentiary hearing would have been consistent with the statutes and case law; however, we are tasked with determining if the trial court abused its discretion. In its discretion, the trial court determined that "an observer could fairly question the integrity of the proceedings resulting in the convictions in this case, and allowing the convictions — to stand under the circumstances would

undermine confidence in the administration of justice." *Id.* The trial court also determined that

> there is no evidence before the Court that the trial judge harbored any actual bias or in any way failed in his duty to preside fairly at trial. But the constitutional guarantee of a fair trial demands more. It requires not just proceedings before a fair and impartial finder of fact, but the appearance of fairness and impartiality as well.

*Id.* at 2.

**{¶ 20}** "A postconviction claim is subject to dismissal without a hearing if the petitioner has failed to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief." *State v. Ojile*, 1st Dist. Hamilton No. C-160425, 2017-Ohio-9319, ¶ 9, citing *State v. Pankey*, 68 Ohio St.2d 58, 428 N.E.2d 413 (1981); *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980). "Conversely, 'the court must proceed to a prompt hearing on the issues' if the petition, affidavits, and record 'show the petitioner is * * * entitled to relief.'" *Id.*, citing R.C. 2953.21(E).

**{¶ 21}** R.C. 2953.21(F) states that "[u]nless the petition and the files and records of the case show the petitioner is not entitled to relief, the court *shall* proceed to a prompt hearing on the issues even if a direct appeal of the case is pending." (Emphasis added.) Because the files and records of the case appears to show that the petitioners were entitled to relief because they were entitled to have a trial conducted by a fair and impartial finder of fact for the appearance of fairness and impartiality, the trial court should have conducted a hearing. "Longstanding law

requires that the fact finder in a criminal trial be fair and impartial; thus, outside influences are prohibited if they are prejudicial to the outcome of the trial." *State v. Welch*, 8th Dist. Cuyahoga No. 95577, 2011-Ohio-3243, ¶ 63, citing *State v. Kehn*, 50 Ohio St.2d 11, 361 N.E.2d 1330 (1977). "'The theory of our system is that the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside influence, whether of private talk or public print.'" *Id.*, quoting *Patterson v. Colorado, ex rel. Atty. Gen.*, 205 U.S. 454, 462, 27 S.Ct. 556, 51 L.Ed. 879 (1907).

{¶ 22} As previously stated, the trial court is not required to hold an evidentiary hearing in every circumstance. "A petitioner seeking postconviction relief is not automatically entitled to an evidentiary hearing." *State v. Gaffin*, 4th Dist. Adams No. 17CA1057, 2019-Ohio-291, ¶ 22, citing *State v. Black*, 4th Dist. Ross No. 15CA3509, 2016-Ohio-3104, ¶ 9. "Rather, before granting a hearing on a petition, the trial court must first determine that substantive grounds for relief exist. *See* R.C. 2953.21(C)." *Id.*, citing *State v. Calhoun*, 86 Ohio St.3d at 282-283, 714 N.E.2d 905 (1999). "'Substantive grounds for relief exist and a hearing is warranted if the petitioner produces sufficient credible evidence that demonstrates the petitioner suffered a violation of the petitioner's constitutional rights.'" *Id.,* quoting *In re B.C.S.*, 4th Dist. Washington No. 07CA60, 2008-Ohio-5771, ¶ 11. "Furthermore, in order to merit a hearing, the petitioner must show that the claimed 'errors resulted in prejudice.'" *Id.*, quoting *Calhoun* at 283. The record reveals that

trial counsel stated that the trial court judge referenced comments about the case that his wife made to him.  Specifically, the judge's wife allegedly told him, "you are not going to acquit those animals" (or words to that effect).  In the conversation, the lawyer states that the trial court judge indicated he assured his wife that he would not.  The trial court, implied by its decision, determined that the petitioner demonstrated a potential violation of their constitutional rights.  Therefore, the trial court should have conducted a hearing.

{¶ 23} The trial court abused its discretion by failing to hold an evidentiary hearing in accordance with R.C. 2953.21.  Additionally, because the trial court erred in granting the appellees petition, the appellees were not entitled to having their motions for bond granted based on the trial court's error.

{¶ 24} Therefore, the state's assignments of error are sustained.

{¶ 25} Judgment reversed and remanded to the trial court to hold an evidentiary hearing.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

MICHELLE J. SHEEHAN, J., CONCURS IN JUDGMENT ONLY WITH
SEPARATE OPINION;
MARY J. BOYLE, A.J., CONCURS WITH SEPARATE OPINION OF
JUDGE MICHELLE J. SHEEHAN


MICHELLE J. SHEEHAN, J., CONCURRING IN JUDGMENT ONLY:

{¶ 26} Respectfully, I concur in judgment only with the lead opinion. The issue in this case is whether the trial court is required to hold a hearing before granting a petition for postconviction relief where the factual allegations are disputed. Where an untested affidavit alleges judicial bias and is accepted as true without testimonial evidence subject to cross-examination, the trial court improperly granted the petition without holding an evidentiary hearing.

{¶ 27} The trial court here, without an evidentiary hearing, granted appellees' petition for postconviction relief based on the affidavit of an attorney who represented Anthony Bergant in his direct appeal from his conviction. She alleged that, prior to being appointed to represent Bergant on appeal, she had a private conversation with the trial judge who presided over the criminal trial. During the conversation, the trial judge told her that his wife had said to him "you are not going

to acquit those animals" and the judge responded to his wife "in a manner to suggest that of course he would not." When the attorney was later appointed to represent Bergant in his direct appeal, she realized then that the case was the criminal trial the judge had referred to in their conversation.

{¶ 28} The attorney further alleged that, after the realization, she contacted an assistant public defender and informed him of the situation. She later met with several members of the public defender's office and recounted the judge's conversation with her. She alleged that she subsequently had a second conversation with the judge, "who acknowledged our prior conversation that took place while the Bergant trial was still pending in front of him" but insisted that his wife's comment did not affect his verdict. The attorney alleged that she also related the second conversation to members of the public defender's office.

{¶ 29} A different trial court judge presided over appellees' petition for postconviction relief. Counsel for the original trial judge requested that, before the judge would testify, there be a court order finding the judge's testimony necessary. The state then filed a motion requesting an order from the trial court finding the original trial judge's testimony necessary for a resolution of the postconviction relief petition. The state also indicated to the trial court that it could not fully respond to the factual allegations in the petition without an order for the trial judge's testimony. The state specifically asserted that "once said order is given, the state will be in a

position to rely upon what it believes will be the sworn testimony of [the trial judge] refuting this critical portion of paragraph 7 of [the attorney's] affidavit."

{¶ 30} While the state was still awaiting the trial court's ruling on its motion for judicial testimony, the trial court proceeded to grant the petition for postconviction relief for a new trial without holding an evidentiary hearing. The state never had an opportunity to oppose appellees' petition with the benefit of the trial judge's testimony or to cross-examine the affiant on her allegations.

{¶ 31} The issue in this case is whether the trial court is required to hold a hearing before granting a petition for postconviction relief where the factual allegations are disputed. R.C. 2953.21 governs a petition for postconviction relief. It provides, in relevant part:

> (D) * * * *Before granting a hearing* on a petition * * * , the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * *

> (E) Within ten days after the docketing of the petition, or within any further time that the court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion. Division (A)(6) of this section applies with respect to the prosecuting attorney's response. Within twenty days from the date the issues are raised, *either party may move for summary judgment.* The right to summary judgment shall appear on the face of the record.

> (F) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, *the court shall proceed to a prompt hearing* on the issues even if a direct appeal of the case is pending. If

the court notifies the parties that it has found grounds for granting relief, either party may request an appellate court in which a direct appeal of the judgment is pending to remand the pending case to the court.

(Emphasis added.)

{¶ 32} On the face of the statute, the trial court has several options. In serving its gatekeeping function, the court can dismiss appellees' petition without a hearing if the trial court finds that "the petition, the supporting affidavits, the documentary evidence, the files, and the records did not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905, paragraph two of the syllabus. The trial court can schedule a hearing if it found substantive grounds for relief. R.C. 2953.21(D). Furthermore, the trial court can act on either party's motion for summary judgment and grant a summary judgment if the right to summary judgment "appear[s] on the face of the record." R.C. 2953.21(E).

{¶ 33} When the trial court denies a petition, it is well-settled that a court is not required to hold an evidentiary hearing on every petition for postconviction relief. *State ex rel. Jackson v. McMonagle*, 67 Ohio St.3d 450, 619 N.E.2d 1017; *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980). It is much less clear, however, whether the statute permits the trial court to grant a petition without first holding a hearing.

{¶ 34} In *State v. Bajaj*, 7th Dist. Columbiana No. 04 CO 45, 2005-Ohio-6778, the Seventh District was confronted with the issue and answered the question

in the negative. There, the trial court denied appellant's petition for postconviction relief without an evidentiary hearing. Appellant argued on appeal that the evidence attached to his petition was so overwhelming that he should be granted a new trial without the need for an evidentiary hearing. The appellate court stated that R.C. 2953.21 "does not authorize any court to summarily grant post-conviction relief without the evidentiary hearing," citing former section (E) (now section (F)).

{¶ 35} Here, the trial court's opinion went to great lengths to explain why appellees' petition should be granted based on the record alone without the benefit of an evidentiary hearing. However, appellees never filed a motion for summary judgment on the petition allowing the trial court to apply the summary judgment procedure authorized by R.C. 2953.21(E).

{¶ 36} I understand the trial court's analysis that, regardless of whether the trial judge admits or denies the allegations of bias, "a reasonable and objective observer would harbor serious doubts about the trial judge's impartiality or fears that people or things not made a part of the record improperly influenced decisions the trial judge made at trial or sentencing." But that analysis is dependent upon the reasonable and objective observer being aware of truthful allegations. By accepting the affidavit as true, the trial court eliminated any necessity that the statements supporting a finding of an appearance of impropriety or bias be true. And determining the truth of the allegations can only be made in an evidentiary hearing.

{¶ 37} I recognize the allegations were made by an officer of the court in a sworn affidavit. I further recognize that the allegations made by the attorney-affiant in her affidavit are truly disconcerting and they implicate the defendants' constitutionally guaranteed right to a fair trial. If those allegations are borne out in an evidentiary hearing where the attorney-affiant is subject to cross-examination by the state, the trial court may be well be within its discretion to grant the appellees' postconviction petition for a new trial on the ground of judicial bias, either actual bias or the appearance of it.

{¶ 38} Despite the potential merits of the petition, however, I am concerned about the procedure that occurred here because it is unclear that the trial court was permitted pursuant to R.C. 2953.21 to expedite this postconviction matter by granting the petition in this case without an evidentiary hearing.

{¶ 39} I am also aware that in *State v. Orr*, 8th Dist. Cuyahoga No. 95344, 2011-Ohio-1371, this court, without a hearing, affirmed a judgment of the trial court granting a postconviction relief petition on the ground that the petitioner's conviction of failing to comply with the lawful order of police violated the double jeopardy clause. *Orr*, however, is readily distinguishable.

{¶ 40} This court emphasized that the case presented unique factual circumstance that enabled the trial court to grant the petition without a hearing: the trial court was able to review and consider Orr's petition, the brief in opposition to the petition, the indictment and attendant common pleas court records, and the

Cleveland Municipal Court court reporter's transcript before issuing its findings of fact and conclusions of law. This court determined that the trial court conducted a thorough review of the documentary evidence presented by both the defendant and the State, as evidenced by the findings of fact and conclusions of law issued by the court. This court furthermore emphasized that the petition rested solely on a double jeopardy issue that could be verified through court records alone, and therefore, conducting an evidentiary hearing would not be fruitful. This court stressed that "the basis for the [trial] court's decision rested solely on the documentary evidence already before the court; *testimonial evidence* was not warranted." (Emphasis added.) *Id.* at ¶ 13. In contrast, testimonial evidence is crucial in this postconviction case because it involves an allegation of improper influence and potential judicial bias that can only be proven or disproven by testimonial evidence, not by untested affidavits and allegations.

{¶ 41} While the trial court is afforded wide discretion in postconviction matters, it still must adhere to the procedures set forth in the statute. Until the Supreme Court of Ohio reviews the statute on this issue and holds otherwise, I believe R.C. 2953.21 does not permit the trial court to grant a petition without first holding an evidentiary under the circumstances of this case. The trial court's summarily granting appellees' petition in reliance of an untested affidavit without an evidentiary hearing constituted an abuse of discretion. Because of the procedural

anomaly, the trial court's decision should be reversed and this matter remanded for further proceedings in accordance with R.C. 2953.21.