[Cite as *State v. Browning*, 2025-Ohio-2989.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

                       No. 114556

v.                                      :

JAUSTIN BROWNING,                       :

    Defendant-Appellant.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** August 21, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-618532-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kevin R. Filiatraut, Assistant Prosecuting Attorney, *for appellee.*

Kimberly Kendall Corral, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Jaustin Browning appeals the trial court's judgment following his change-of-plea hearing. After a thorough review of the facts and record, we affirm Browning's convictions but remand to the trial court for the limited purpose of

issuing a nunc pro tunc entry that reflects the proper offenses to which Browning entered his guilty plea.

{¶ 2} The lengthy factual and procedural history of this case is available in Browning's prior appeals. *State v. Metz*, 2019-Ohio-4054 (8th Dist.); *State v. Tenney*, 2021-Ohio-3676 (8th Dist.); *State v. Browning*, 2023-Ohio-1887 (8th Dist.).

{¶ 3} In Browning's most recent appeal, this court affirmed the trial court's judgment granting Browning's postconviction-relief petition. Upon returning to the trial court, the matter was set for jury trial on October 7, 2024, but was converted to a pretrial during which the State made a plea offer to Browning. On October 15, 2024, Browning entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), entering guilty pleas to "Count 3, as amended, unlawful restraint, a misdemeanor three, and Count 5, as charged, assault, a misdemeanor of the first degree." (Tr. 47.) When Browning entered his plea, the court again confirmed that he was pleading guilty to "Count 3, unlawful restraint, a misdemeanor of the third degree, and Count 5, assault, as charged, a misdemeanor of the first degree." (Tr. 50.) Counts 1, 2, and 4 were nolled, and no further sanctions were imposed upon Browning since he had been imprisoned for five years during the resolution of this matter. Pertinent to this appeal, the journal entry that the court issued memorializing the plea hearing indicated that "[d]efendant retracts former plea of not guilty and enters a plea of guilty to unlawful restraint R.C. 2905.03 a M3 with

sexual motivation specifications 2941.147 as amended in Count(s) 3 of the indictment."

{¶ 4} On appeal, Browning contends that his plea in Count 3 did not include the sexual motivation specification in R.C. 2941.147 and that the sexual motivation specification legally cannot accompany the offense of unlawful restraint under R.C. 2905.03. He also takes issue with the trial court's failure to distinguish between R.C. 2905.03(A) and (B), because subsection (B) constitutes a sex offense pursuant to R.C. 2950.01(E)(1)(e) and carries reporting requirements. Browning asserts that the Crim.R. 11 colloquy was erroneous due to the omission of sexual offender registration requirements and as a result, argues that his plea was not knowing, intelligent, or voluntary. Accordingly, Browning asks us to find that his conviction was contrary to law, vacate his convictions, and reinstate the original indictment.

{¶ 5} The State concedes that the sexual motivation specification and R.C. 2905.03(B) were not part of Browning's plea, stating that "[t]he trial court never mentioned an expectation of a plea to a sex offense or a sexual motivation specification because no party mentioned it and no party expected it." The State argues this court should remand the matter for the limited purpose of issuing a nunc pro tunc journal entry reflecting that Browning's plea to Count 3 was only for the unlawful restraint offense under R.C. 2905.03(A) without any specifications. We agree with the State.

{¶ 6} Crim.R. 36 provides that a court may correct a clerical mistake in a judgment entry to accurately reflect the case's proceedings at any time. "A 'clerical

mistake' is 'a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.'" *In re J.T.*, 2017-Ohio-7723, ¶ 9 (8th Dist.), quoting *State ex rel. Cruzado v. Zaleski*, 2006-Ohio-5795, ¶ 19. A nunc pro tunc order corrects a judgment entry "that contains an error in the recordation of a court's decision." *State v. Jama*, 2010-Ohio-4739, ¶ 14 (10th Dist.). A journal entry corrected by a nunc pro tunc order "must reflect what the court actually decided, not what the court might or should have decided." *State v. Beaver*, 2018-Ohio-2840, ¶ 5 (8th Dist.).

{¶ 7} Our review of the transcript indicates that the sex offense in subsection (B) of R.C. 2905.03 and the sexual motivation specification were not discussed at the plea hearing. The State specifically provided that the unlawful restraint plea was "not the sex offense," which applies to subsection (B) but not (A). (Tr. 28.) The State explained that the plea "does cover the indictment, as it's been laid out, with Count 3 being amended to that unlawful restraint, lesser included offense of kidnapping, not the sex offense, and then Count 5, as indicted. . . ." (Tr. 28.) The record unequivocally reflects that Browning pled to Count 3 as amended, without any specifications, "not the sex offense" and Count 5 as indicted. The State concedes as much. Accordingly, we find that the trial court's inclusion of the sexual-motivation specification in the journal entry was a clerical mistake that is "mechanical in nature" and "apparent on the record."

{¶ 8} Accordingly, the trial court's journal entry reflecting a sexual-motivation specification on Count 3 was merely a clerical error that is best remedied

by ordering a nunc pro tunc entry correcting the journal entry to conform to the correct and accurate plea, as entered by Browning and stated by the trial court during the hearing.

{¶ 9} Browning's three assignments of error are overruled. This matter is remanded for the limited purpose of issuing a nunc pro tunc journal entry reflecting that Browning's plea to amended Count 3 was for unlawful restraint in violation of R.C. 2905.03(A), specifically, without any specifications. Otherwise, we affirm the trial court's judgment.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

MICHELLE J. SHEEHAN, P.J., and
LISA B. FORBES, J., CONCUR